UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINO DIBLASIO,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>STEVEN W. STREIT, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 2:24-cv-05924-FLA (Ex)<br><br>**ORDER TO SHOW CAUSE WHY THE STAYS IN THE ACTIONS BEARING CASE NOS. 2:20-cv-01572-FLA (Ex) AND 2:24-cv-05924-FLA (Ex) SHOULD NOT BE LIFTED; ORDER TO SHOW CAUSE WHY SOME OR ALL THREE OF THE ACTIONS SHOULD NOT BE CONSOLIDATED** |

**ORDER**

On May 29, 2025, the following related actions were transferred from the calendar of Judge Dean D. Pregerson to the calendar of this court: (1) *In re Green Dot Corporation Securities Litigation*, Case No. 2:19-cv-10701-FLA (Ex) ("*In re Green Dot*," or "Case 19-10701"); (2) *Brian Hellman v. Steven W. Streit, et al.*, Case No. 2:20-cv-01572-FLA (Ex) (the "*Hellman* action," or "Case 20-1572"); and (3) *Dino DiBlasio v. Steven W. Streit, et al.*, Case No. 2:24-cv-05924-FLA (Ex) (the "*DiBlasio* action," or "Case 24-5924"). Dkt. 166. The *Hellman* and *DiBlasio* actions have been stayed pending the close of fact discovery in *In re Green Dot*. Case 20-1572, Dkt. 29; Case 24-5924, Dkt. 14.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A trial court, may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* at 863–64. "In such cases the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Id.* at 864.

"Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "Among these competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or

complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (citing *Landis*, 299 U.S. at 254–55). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

Document production was to be substantially completed in *In re Green Dot* by April 11, 2025. Case 19-10701, Dkt. 148 at 2. Accordingly, the court ORDERS the parties in the *Hellman* and *DiBlasio* actions to Show Cause ("OSC") why the stays in those actions should not be lifted. Any requests to continue the stays must be supported by compelling reasons for why a further stay is necessary, and a specific showing of what additional discovery from *In re Green Dot* the parties believe is needed before the *Hellman* and *DiBlasio* actions can proceed.

The court further ORDERS the parties in all three actions to Show Cause why some or all of the actions should not be consolidated.[1]

The parties' written responses to the OSCs are due on or before June 20, 2025, and these matters shall be heard in Courtroom 6B on June 25, 2025, at 9:30 a.m.

IT IS SO ORDERED.

Dated: June 9, 2025

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

---

[1] Pursuant to Fed. R. Civ. P. 42(a), a court may consolidate actions involving "a common question of law or fact." "[A] district court has broad discretion under this rule to consolidate cases pending in the same district." *Invs. Rsch. Co. v. U.S. Dist. Ct.*, 877 F.2d 777, 777 (9th Cir. 1989). "To determine whether to consolidate, a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1028 (N.D. Cal. 2003) (citation omitted).